UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CITY OF DALLAS,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | Civil Action No. 3:15-cv-02069-K |
| **DELTA AIRLINES, INC., SOUTHWEST AIRLINES CO., VIRGIN AMERICA INC., AMERICAN AIRLINES, INC., UNITED AIRLINES, INC., SEAPORT AIRLINES, INC., UNITED STATES DEPARTMENT OF TRANSPORTATION, AND THE FEDERAL AVIATION ADMINISTRATION,** | § § § § § § § § | |
| Defendants. | § | |

**SOUTHWEST AIRLINES CO.'S OPPOSITION TO
THE CITY OF DALLAS' MOTION TO DISMISS COUNTERCLAIMS**

Defendant/Counterclaim-Plaintiff Southwest Airlines Co. ("Southwest") respectfully submits this memorandum in opposition to Plaintiff/Counterclaim-Defendant City of Dallas' ("the City") Motion to Dismiss.

## I.   INTRODUCTION

This Court should deny the City's Motion to Dismiss because the declaratory relief that Southwest seeks in its Counterclaims differs markedly from the declaratory relief the City requests. Indeed, the City's Original Complaint only asks that this Court provide it with a general roadmap for its still-pending accommodation decision so that the City is absolved from any liability from either Southwest or Delta based on the results of the City's ultimate decision, regardless of whether Southwest or Delta's position ultimately prevails. Southwest, by contrast, asks this Court for a specific declaration that Delta should not be accommodated and that

Southwest has the right to use its gates at Love Field as it sees fit. In other words, the City has thrown up its hands and sought general guidance from this Court about what it should do—regardless of whether Southwest or Delta benefits—while Southwest specifically requests that this Court adopt its position that Delta is not entitled to accommodation and declare that to be the case. For the foregoing reasons and for the reasons discussed below, this Court should deny the City's Motion to Dismiss Southwest's Counterclaims.

## II.   BACKGROUND

This case concerns Delta Airlines Inc.'s ("Delta") efforts to deprive Southwest of its contractual rights to fully utilize the gates it negotiated for and now preferentially leases at Love Field. (*See* Southwest's Counterclaims, Dkt. No. 84, ¶ 8.) While Delta has no lease or other contractual right from the City (or anyone else) to operate out of Love Field, it nevertheless seeks accommodation to operate at least 5 daily flights out of gates that it has no right to use at the expense of the current preferential leaseholders. (*See id.*) In fact, contrary to the Southwest's contractual rights and in direct conflict with federal law, Delta has demanded that the City force the existing Love Field carriers to provide Delta with gate access in perpetuity. (*See id.*) In response, the City has refused to make a decision on the matter, instead seeking declaratory relief from this Court as to Delta's rights, if any, to continue to access gates space at Love Field far into the future. (*Id.* ¶9.)

In its Original Complaint, the City alleges several causes of action including claims for declaratory relief. (Compl., Dkt. No. 1, ¶¶ 106-124.) The declaratory relief the City requests is as follows:

- the City's right and obligation to determine pending gate accommodation requests" (*id.* ¶¶ 116);

- the "proper considerations and procedures" for the City to use in assessing any accommodation request (*id.*);

- the "meaning [of] each Signatory Airline's preferential rights to gate us and obligations to accommodate other Airlines' gate use requests" (*id.*);

- Delta and American Airlines' "right to temporary and permanent gate accommodation" (*id.*);

- the DOT and FAA's authority to mandate the type of accommodation requested by Delta (*id.*);

- that "any action or inaction that the City may take or decline to take respecting gate accommodation requests at Love Field shall not constitute violation of any Grant Assurances to FAA, the Competition Plan, or other federal law" (*id.* ¶ 118);

- that "if the City is Compelled by the DOT . . . to interfere with" Southwest's Lease, then the City "be declared not to have breached said lease by such interference" (*id.* ¶ 120); and

- that "the City's consent to the United-Southwest sublease of United's Love Field Gates was not anti-competitive and was not a violation of any Grant Assurance given DOJ's lack of objection" (*id.* ¶ 122).

This relief simply asks the Court to provide the City with a general roadmap for making the accommodation decision, without requesting the Court to make a decision in favor of one party or another. Thus, the City's declaratory judgment claims do not ask the Court for a particular outcome, but rather that the Court sanction *any* accommodation process and then protect the City from any future claims that might arise (from either party) as a result of its following that Court-approved process.

By contrast, Southwest's Counterclaims ask the Court for *specific* declaratory relief in its favor. The relief Southwest requests as to the City is as follows:

- that "neither the DOT Letters nor the Grant Assurances (nor any provision in federal law) require the City to accommodate Delta at Love Field when doing so will unduly interfere with Southwest's use of its gates" (Southwest's Counterclaims, Dkt. No. 84, ¶ 102);

- that "pursuant to its Lease, [Southwest] has the right to fully utilize its leased gates" (*id.* ¶107);

- that "that the City would breach its Lease with Southwest, breach the Five-Party Agreement, and violate WARA by (1) forcing Southwest to accommodate Delta,

> thereby preventing Southwest from fully utilizing its leased gates for its own operations; (2) basing its accommodation decision on a 'snap shot' date of carriers' previously-published schedules; and (3) providing accommodation on a permanent basis" (*id.*¶ 111).

Unlike the City's request for a general roadmap, Southwest's declaratory relief asks the Court to make *a specific decision about a specific outcome*—that Delta's request for accommodation be denied.

### III.    ARGUMENT

Courts "construe facts in the light most favorable to the nonmoving party, as a motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).  To state a claim that is "plausible on its face," a pleading "need not contain detailed factual allegations" and must simply allege enough to "move the claim 'across the line from conceivable to plausible.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Southwest has alleged more than sufficient facts to satisfy this standard.

**A.    This Court should deny the City's motion to dismiss because Southwest's Counterclaims for declaratory relief significantly differ from the City's.**

The City is simply wrong when it insists that Southwest's Counterclaim should be dismissed because those claims are "redundant" or "mirror images" of the City's claims in its Original Complaint.  Courts routinely allow counterclaims for declaratory relief when the relief sought in the counterclaims asks the Court to resolve "issues of greater ramification" than those alleged in the plaintiff's original claims.  *See Albritton Props. v. Am. Surplus Lines*, No. 3:04–CV–2531–P, 2005 WL 975423, at *3 (N.D.Tex. Apr. 25, 2005); *see also Wuenschel v. Steris Corp.*, No. 4:10-cv-7, 2010 WL 1068156 (E.D. Tex. March 16, 2010).  Southwest's Counterclaims seek resolution of precisely those "issues of greater ramification," because those

claims ask the Court to make a specific determination in Southwest's favor, while the City's requests simply ask for whatever general help the Court might be willing to provide.

Here, the City's requested declaratory relief differs markedly from the relief Southwest requests in its Counterclaims. The City's claims for declaratory relief all boil down to the simple request that this Court tell the City what to do. For example, the City wants the Court to tell it what "considerations and procedures" it should use in assessing Delta's accommodation request. (*Id.* ¶¶ 116.) Beyond this, the City asks the Court to absolve it from any liability from either Delta or Southwest if it acts in accordance with those procedures or if it is compelled to act by the Department of Transportation. (*Id.* ¶¶ 118, 122.) Southwest, by contrast, seeks the specific result that nothing in federal law or policy "require[s] the City to accommodate Delta at Love Field when doing so will unduly interfere with Southwest's use of its gates." (Dkt. No. 84, ¶ 102.) In other words, Southwest asks this Court to take a specific position, while the City asks the Court to take any position.

## IV. CONCLUSION

For the foregoing reasons, Southwest respectfully requests that the Court deny the City's Motion to Dismiss.

DATED:  August 31, 2015                        Respectfully submitted,

                                     */s/ Kent D. Krabill*
                                     John T. Cox III
                                     Texas Bar No. 24003722
                                     Email:  tcox@lynnllp.com
                                     Kent D. Krabill
                                     Texas Bar No. 24060115
                                     Email:  kkrabill@lynnllp.com
                                     Britta Erin Stanton
                                     Texas Bar No. 24036976
                                     Email:  bstanton@lynnllp.com
                                     Stephen M. Cole
                                     Texas Bar No. 24078358
                                     Email:  scole@lynnllp.com
                                     **LYNN TILLOTSON PINKER & COX, LLP**
                                     2100 Ross Avenue, Suite 2700
                                     Dallas, Texas  75201
                                     (214) 981-3800 – Telephone
                                     (214) 981-3838 – Facsimile

                                     **COUNSEL FOR DEFENDANT/CROSS-PLAINTIFF SOUTHWEST AIRLINES CO.**

## CERTIFICATE OF SERVICE

       The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, the foregoing was served on all counsel of record who have consented to electronic service.

                                     */s/ Christopher W. Patton*
                                     Christopher W. Patton

4824-7608-6823, v.  2