## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| CITY OF DALLAS,　　　　　　　　　） | No. 3:15-cv-02069-K |
| ） | |
| ） | OPPOSITION OF DEFENDANTS U.S. |
| Plaintiff,　） | DEPARTMENT OF |
| ） | TRANSPORTATION AND FEDERAL |
| v.　　　　　） | AVIATION ADMINISTRATION TO |
| ） | PLAINTIFF'S MOTION TO COMPEL |
| DELTA AIR LINES, INC., *et al.*,　） | EXPEDITED DISCOVERY |
| ） | |
| Defendants.　） | |
| ） | |

### PRELIMINARY STATEMENT

Plaintiff City of Dallas (City) has moved for an order compelling defendant U.S.

Department of Transportation (DOT)[1] to comply, by September 14, 2015, with the requests for

production and interrogatories that it has served upon them.  ECF No. 124 at 8.  The City,

however, is not entitled to seek discovery from DOT at all, let alone on an expedited basis.

Where, as here, a plaintiff challenges an agency action under the Administrative Procedure Act

(APA), 5 U.S.C. §§ 701-706, courts limit their review to the administrative record that was

before the agency, and discovery is allowed only if the plaintiff makes very specific showings.

The City has not even tried to make such showings here, and its attempts to explain its

entitlement to discovery fall far short.  And even if discovery were otherwise proper, DOT could

not be compelled to respond to the City's requests because the Court lacks subject-matter

jurisdiction over the claims asserted against it.  The City's motion to compel expedited discovery

should therefore be denied.

---

[1] The City's complaint, and its motion to compel, also separately name the Federal Aviation Administration (FAA). The FAA, however, is an administration within DOT, 49 U.S.C. § 106(a), and this brief uses "DOT" to refer to both the FAA and the Department as a whole.

## BACKGROUND

### A.   THE DISPUTE OVER DELTA AIR LINES' (DELTA'S) ACCESS TO DALLAS LOVE FIELD (LOVE FIELD)

This action concerns a dispute about the ability of Delta to continue to operate five daily round-trip flights to and from Love Field, an airport owned and operated by the City.  Delta argues that it is entitled to continued accommodation of these flights pursuant to:  (1) the "scarce resource" provisions of the City's leases with airlines and (2) the City's federal obligations, including under the grant assurances to which it agreed as a condition of receiving financial assistance from DOT to aid with construction and other improvement projects at the airport, as required by 49 U.S.C. § 47107(a)(1), (4).  *See, e.g.*, ECF No. 23.  Southwest – the dominant carrier at Love Field – argues that neither the leases nor federal law require or allow accommodation.  *See, e.g.*, ECF No. 62.

### B.   THE DOT LETTERS AND THE FAA'S NOTICE OF INVESTIGATION

Faced with these conflicting legal arguments, the City elected to solicit DOT's guidance. In response, DOT's General Counsel sent the City a letter on December 17, 2014 (First DOT Letter), providing guidance about DOT's views of the City's legal obligations, including under the grant assurances.  ECF No. 1 Ex. 1.  After the City sought additional guidance, DOT's General Counsel sent a further letter on June 15, 2015 (Second DOT Letter), providing further explanation of its views.  ECF No. 1 Ex. 2.  DOT's letters were nothing more than nonbinding agency guidance.  While the letters urged the City to make a timely decision on Delta's requests for accommodation, they did not require the City to reach a particular decision.  Nor did DOT's letters attempt to resolve several important legal and factual questions.  Indeed, even after receiving the DOT Letters, the City has not acted on Delta's requests.

The FAA has initiated an administrative proceeding to resolve these questions.  By notice of investigation dated August 7, 2015, FAA notified the City of its commencement of an investigation "to determine whether the City, by failing to grant or otherwise act on the request of [Delta] for accommodation at DAL, has violated its Airport Improvement Program (AIP) grant agreement with FAA, and/or the statutory prohibition on granting an exclusive right to an airport on which Federal funds have been expended."  App.001.[2]   FAA has granted the City's request for an extension to November 2, 2015, of its time to respond to the notice.  App.015.

### C.   THE PENDING LAWSUITS

In addition to leading to the FAA's administrative proceeding, the dispute over Delta's access to Love Field has led to three separate lawsuits.  Southwest has petitioned for review of each of the DOT Letters, pursuant to 49 U.S.C. § 46110(a), in the U.S. Court of Appeals for the District of Columbia Circuit.[3]   *See Southwest Airlines v. DOT*, No. 15-1036 (D.C. Cir., filed Feb. 13, 2015) (*Southwest I*) (challenging First DOT Letter); *Southwest Airlines v. DOT*, No. 15-1276 (D.C. Cir., filed Aug. 13, 2015) (*Southwest II*) (challenging Second DOT Letter).  DOT has asked the D.C. Circuit to dismiss the petition in *Southwest I* on the grounds that the First DOT Letter was not a final agency action, App.074, and plans to do the same with respect to the Second DOT Letter in *Southwest II*.  DOT filed the certified index to the administrative record for the First DOT Letter in *Southwest I* on April 6, 2015, App.124, and an amendment to the certified index on June 1, 2015, that added the First DOT Letter to the index.  App.136.  The certified index for the Second DOT Letter is due in *Southwest II* on October 1, 2015.

On June 17, 2015, the City commenced this action against DOT and six air carriers that serve, have served, or have expressed an interest in serving Love Field.  The City seeks a

---

[2] Except as otherwise noted, citations bearing the prefix "App." are citations to the appendix to this opposition.

[3] The petitions for review are submitted with this opposition as App.017, 151.

judgment declaring that the DOT Letters violate the APA as well as the Wright Amendment Reform Act of 2006 (WARA), Pub. L. No. 109-352, 120 Stat. 2011.  ECF No. 1 ¶¶ 106-12.  The City also seeks declaratory relief giving it instructions about how to respond to Delta's accommodation requests.  *See id.* ¶ 116.  Southwest, Delta, and the City have all moved for preliminary injunctive relief, *see* ECF No. 10, 20, 22, and the Court has scheduled a hearing on their motions for September 28-29, 2015.  ECF No. 68.

### E.    THE CITY'S DISCOVERY REQUESTS AND MOTION TO COMPEL

On August 20, 2015, the City served DOT with a broad set of requests for production and a set of interrogatories.  *See* ECF No. 124-1, App.1.  Among other things, the City's document requests seek:  (1) internal communications between DOT and the FAA concerning a wide variety of subject areas; (2) documents related to accommodation issues at Love Field and other airports around the country; and (3) internal documents concerning the FAA's administrative investigation of the City.  The City's interrogatories, among other things, ask DOT to lay out legal justifications for a wide variety of positions that the City believes DOT took in the DOT Letters.[4]

On August 27, 2015, the City moved for an order compelling DOT to respond to its requests for production and interrogatories by "serv[ing] their responses, objections, answers, privilege log, and documents" on or before September 14, 2015.  ECF No. 124 at 8.  By order dated August 27, 2015, the Court directed DOT to respond to the City's motion to compel "by noon on 9/2/2015."[5]  ECF No. 125.

---

[4] Even if discovery were otherwise permissible, the City's requests would be objectionable on multiple grounds (for example, they seek information covered by the attorney-client privilege and other privileges).  DOT reserves the right to assert these objections in the future.

[5] The City first contacted DOT on or about July 31, 2015, about the possibility of its serving them with discovery. DOT advised the City on or about August 5, 2015, that it did not consider discovery appropriate in this case.  DOT

Continued

**ARGUMENT**

I.   **DISCOVERY IS NOT PERMITTED IN THIS CHALLENGE TO AN AGENCY ACTION UNDER THE ADMINISTRATIVE PROCEDURE ACT**

The City's claims against DOT in this action are based on its assertion that the DOT Letters are inconsistent with WARA, and therefore "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law" under the APA.  *See* ECF No. 1 ¶¶ 106-12.  Review of such a claim "is to be based on the full administrative record that was before the [decisionmaker] at the time he made his decision," *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 420 (1971); *accord Inst. for Tech. Dev. v. Brown*, 63 F.3d 445, 449-50 (5th Cir. 1995), and "only on the administrative record."  *Jos. G. Moretti, Inc. v. Hoffman*, 526 F.2d 1311, 1312 (5th Cir. 1976).  "In actions seeking the reversal of final administrative action, 'the focal point for judicial review'" should therefore be "'the administrative record already in existence, not some new record made initially in the reviewing court,'" *Malone Mortg. Co. Am. Ltd. v. Martinez*, 2003 WL 23272381, at *2 (N.D. Tex. Jan. 6, 2003) (quoting *Camp v. Pitts*, 411 U.S. 138, 142 (1973)), and "discovery beyond the administrative record is usually inappropriate and not relevant."  *Tex. Steel Co. v. Donovan*, 93 F.R.D. 619, 621 (N.D. Tex. 1982).

Here, the City admits that it "already has the documents" that made up the administrative record with respect to the First DOT Letter.  ECF No. 124 at 7.  DOT, moreover, will file an index to the administrative record for the Second DOT Letter by September 14, 2015, and will provide copies of the record documents to the City at that time.  The City is simply not entitled to anything else.

---

did not hear again about the proposed discovery until August 20, 2015, when it received the City's requests for production and interrogatories.  The City did not file its motion to compel until August 27, 2015, thereby creating what amounts to a false emergency.

### A.   The Limited Exceptions to the Prohibition on
###      Discovery in APA Cases Do Not Apply Here

While there are limited exceptions to the rule prohibiting discovery in APA cases, the City does not even try to argue that the exceptions apply here, and they indeed do not.

*First*, while a litigant in an action under the APA "may conduct discovery beyond the administrative record in order to determine whether the administrative record is complete," *Tex. Steel*, 93 F.R.D. at 621, there is no need for such discovery here.  The City does not suggest that the administrative record for the First DOT Letter was incomplete, and Southwest did not allege any such deficiency in the D.C. Circuit litigation.  Nor does the City provide any reason to suspect that the record for the Second DOT Letter will not be complete when it is produced.  "An agency's designation of the administrative record is entitled," moreover, "to a presumption of administrative regularity."  *Malone Mortg*., 2003 WL 23272381, at *5.  To overcome that presumption, a litigant seeking discovery "must provide the court with reasonable, non-speculative grounds to believe that materials considered in the decision-making process are not included in the record or . . . must make a significant showing that it will find material in the agency's possession indicative of bad faith or an incomplete record."  *City of Dallas v. Hall*, 2007 WL 3257188, at *14 (N.D. Tex. Oct. 29, 2007).  In any event, "'[d]iscovery to complete the record [would not] be broad ranging.  Its primary function [would be] to offer assurance that the administrative record is complete in areas where completeness is suspect.'"  *Malone Mortg*., 2003 WL 23272381, at *4 (citation omitted).

*Second*, while a litigant in an action under the APA "may conduct discovery beyond the administrative record" if it "makes a substantial showing" after "the complete record is before the [c]ourt" that "the complete record is inadequate to explain" the action taken by the agency, *Tex. Steel*, 93 F.R.D. at 621, "the Supreme Court has emphasized . . . that such discovery is

permissible *only* when the agency has provided *no* explanation for its decision," *Malone Mortg.*, 2003 WL 23272381, at *3 (citing *Camp*, 411 U.S. at 142-43).  This exception has no applicability here, where DOT has already produced a full record in support of the First DOT Letter, and will soon be doing the same with respect to the Second DOT Letter.

    *Third*, the City cannot rely on the exception allowing a litigant in an action under the APA to "conduct discovery beyond the administrative record if [it] makes a strong showing of improper behavior or bad faith by the agency." *Tex. Steel*, 93 F.R.D. at 621.  "The 'showing of bad faith or improper behavior'" must be "'strong,'" however, "to justify such intrusive discovery." *Malone Mortg*., 2003 WL 23272381, at *3.  "Mere 'allegations of misconduct . . . and assertions of gross abuse of power by government agencies and officials' will not amount to a 'strong showing.'" *Id.* (quoting *United States v. 11,950 Acres of Land*, 58 F.3d 1055, 1062 (5th Cir. 1995)).  "Rather, only 'extreme and extraordinary circumstances' will suffice to show the requisite bad faith." *Id.* (quoting *Gary W. v. La. Dept. of Health & Human Res.*, 861 F.2d 1366, 1369 (5th Cir. 1989)).  The City has not attempted to make this sort of showing here.

    *Finally*, while "a reviewing court may allow discovery in a case brought under § 706 of the APA when . . . technical terms or complex subjects need to be explained," *Malone Mortg.*, 2003 WL 23272381, at *3, the City offers no reason to believe that there is such a need here.

### B.    <u>The City's Arguments Are Unavailing</u>

    As noted, the City does not rely on any of the exceptions discussed above as a justification for the discovery requests that it has served on DOT.  Instead, the City contends that it is entitled to discovery for a variety of reasons.  None of these arguments is compelling.

    *First*, the City alleges that DOT has exclusive possession of documents that will be crucial to the Court's decision on both the ultimate issues in this case and on the preliminary

injunction applications of the City and of two defendants." ECF No. 124 at 1. To the extent the

City seeks documents related to the "ultimate issues in this case," there is obviously no need for

*expedited* discovery. And the City fails to explain why discovery from DOT is essential prior to

the preliminary injunction hearing when DOT is not a party to any of the motions that are to be

addressed at that hearing; indeed, Delta and Southwest – the two parties that will be most

affected by the outcome of the preliminary injunction hearing – have *not* sought discovery from

DOT. The City apparently believes that because the various parties have asserted claims that

raise the same issues discussed in the DOT Letters, DOT should be forced to produce discovery

describing the "genesis" of those letters, ECF No. 124 at 4, and articulating the legal theories on

which they are based. But as discussed above, the City is not entitled to such discovery even in

connection with its direct challenge to the letters, and there is even less justification for such

discovery in connection with the claims among the non-federal parties (especially given the non-

binding nature of the letters).

 *Second,* the City further alleges that it needs the information that it seeks by means of its

requests for production and interrogatories to challenge the validity of the investigation that FAA

has commenced by its notice dated August 7, 2015. *See* ECF No. 124 at 5-7. The City has no

such need. "'[A]n agency's initiation of an investigation does not constitute final agency

action.'" *Jobs, Training & Servs., Inc. v. E. Tex. Council of Govts.*, 50 F.3d 1318, 1324 (5th Cir.

1995) (quoting *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)); *see also FTC v.

Standard Oil*, 449 U.S. 232 (1980) (same). For that reason, FAA's commencement of the

investigation is not subject to judicial review. *See Jobs, Training & Servs.*, 50 F.3d at 1324. Nor

does the City have any legitimate ground upon which to challenge the commencement of the

investigation. While the City may argue in the FAA's investigation – and in connection with

8

judicial review of any final FAA decision – that WARA precludes a finding that it has violated its federal obligations, nothing precludes the FAA from even considering the question.  Nor can the City justify discovery by speculating that the FAA proceeding will "interfere" with this Court's jurisdiction.  ECF No. 124 at 6.  While it is true – as DOT has previously told the Court – that DOT may ask the Court to defer ruling on some or all issues during the pendency of the FAA proceeding, that hardly constitutes interference with the Court's jurisdiction.

*Finally*, the City alleges that it needs the information that it seeks to respond to DOT's motion to dismiss.  ECF No. 124 at 3.  The City is mistaken.  As described, *infra* Point II, DOT plans to move the dismiss the claims against it for lack of subject matter jurisdiction; DOT plans to argue that the DOT Letters do not constitute final agency action, and that even if they were they would only be reviewable in a court of appeals.  Thus, DOT's motion will not raise questions of fact, but will instead raise legal questions upon which the information the City seeks has no bearing.

## II. DOT IS NOT SUBJECT TO DISCOVERY IN THIS ACTION BECAUSE THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THE CITY'S CLAIMS AGAINST DOT.

Even if discovery were otherwise appropriate under the APA, discovery would be precluded here because the Court lacks subject matter jurisdiction over the claims against DOT. *See Jones v. United States*, 625 F.3d 827, 829 (5th Cir. 2010) (courts of appeals have exclusive jurisdiction over appeals from orders of the Secretary of Transportation or the Secretary's delegate); *Doe v. United States*, 106 Fed. Cl. 118, 127 (2012) (declining to permit discovery in connection with a claim over which the court lacked subject matter jurisdiction); *City of Rome v. United States*, 450 F. Supp. 378, 382 (D.D.C. 1978) (3-judge ct.) (same).

No later than September 14, DOT will file a motion to dismiss the City's claims against it for lack of subject matter jurisdiction.  DOT will argue that because the non-binding DOT Letters do not "mark the consummation of the agency's decisionmaking process," and are not actions "by which rights or obligations have been determined, or from which legal consequences will flow," they are not subject to review under the APA in any court.  *See Belle Co. v. U.S. Army Corps of Eng'rs*, 761 F.3d 383, 387-88 (5th Cir. 2014).  DOT will also argue that even if the letters were final, they would be reviewable only in a court of appeals pursuant to 49 U.S.C. § 46110, which provides that the courts of appeals have exclusive jurisdiction over challenges to certain DOT orders.  Given this Court's lack of jurisdiction, discovery against DOT is inappropriate.

## CONCLUSION

For the foregoing reasons, the City's motion to compel expedited discovery should be denied.

Respectfully Submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
JOHN R. PARKER
Acting United States Attorney
JUDRY L. SUBAR
Ass't Branch Dir., Dep't of Justice, Civ. Div.

*s/ David M. Glass*
DAVID M. GLASS, DC Bar 544549
Sr. Trial Counsel, Dep't of Justice, Civ. Div.
20 Massachusetts Ave., N.W., Room 7200
Washington, D.C.  20530-0001
Tel: (202) 514-4469/Fax: (202) 616-8470
Email: david.glass@usdoj.gov
Attorneys for Defendants U.S. Department of

Dated: September 2, 2015                    Transportation and Federal Aviation Administration

**CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2015, I served the within opposition and the appendix to the opposition on all counsel of record by filing them with the Court by means of its ECF system.

s/ *David M. Glass*