IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CITY OF DALLAS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:15-cv-02069-K |
| | § | |
| DELTA AIR LINES, INC., SOUTHWEST | § | |
| AIRLINES CO., VIRGIN AMERICA INC., | § | |
| AMERICAN AIRLINES, INC., | § | |
| UNITED AIRLINES, INC., SEAPORT | § | |
| AIRLINES, INC., UNITED STATES | § | |
| DEPARTMENT OF TRANSPORTATION, | § | |
| AND THE FEDERAL AVIATION | § | |
| ADMINISTRATION, | § | |
|     Defendants. | § | |

## UNITED AIRLINES, INC.'S RESPONSE TO
## DELTA AIR LINES, INC.'S MOTION FOR EXPEDITED DISCOVERY

Delta's Motion for Expedited Discovery from United ("Motion") is remarkably dilatory. After Delta filed its motion for injunctive relief, it waited more than two months before seeking this Court's permission to propound discovery requests on United. Delta does not explain how any of the requested discovery is relevant to any of the claims brought in this case and particularly to the upcoming injunction hearing. The Motion dedicates only a few sentences to arguing any alleged nexus between the discovery requests and the issues to be dealt with at the injunction hearing. Delta's explanation fails to articulate any connection and is largely unintelligible.

United has not answered this suit, and it has not conducted a Rule 26(f) conference with Delta. Absent a showing of good cause, Delta is not entitled to expedited discovery from United at this early stage. Delta provides no reason why information held only by

United is necessary for the upcoming preliminary injunction hearing. Indeed, much of the information Delta seeks is available from other parties, such as Southwest.

I.  BACKGROUND

Over two months ago, the City of Dallas ("the City") filed this lawsuit seeking judicial guidance on whether Delta's five daily flights to Atlanta must be accommodated at Love Field. United no longer operates flights out of Love Field. United is a party to the City's action only because it is the original lessee for two Love Field gates now subleased by United to Southwest. United has not answered this lawsuit—its answer is due September 14, 2015, and it has not conducted a Rule 26(f) conference with Delta or any other party. As the Court is aware, a related action is pending in the United States Court of Appeals for the District of Columbia Circuit, *Southwest Airlines Co. v. DOT*, No. 15-1036. United is not a party to that action.

Shortly after the City filed suit, Southwest and Delta each moved for injunctive relief. Delta filed its motion for injunctive relief on June 23, 2015. United is not a party to the injunctive relief actions sought by Delta or Southwest. On July 27, 2015, more than a month after Delta moved for injunctive relief, the City, Delta, and Southwest held a discovery conference among themselves. In their Joint Motion Seeking Approval of Proposed Discovery and Scheduling Order, the three parties admit they "decided to seek a more limited [*covering only the three parties*] order in the interests of time . . ." Dkt. No. 72, at 2. Delta did not raise the issue of seeking discovery from United at that time. A Discovery and Scheduling Order ("Scheduling Order") was issued on August 6, 2015, and it outlined the schedule for expedited discovery agreed to by the City, Delta, and Southwest. Dkt. No. 77. The Court ordered "that no discovery be conducted in this case

2

by, of, or among the City, Delta, or Southwest except as authorized [in the Scheduling Order] until otherwise directed or permitted by the Court." *Id*. at 2. Under the Court's Scheduling Order, discovery is limited to the three parties.

Even though the Scheduling Order agreed to by Delta provides for document production within 21 days of service, Delta asks this Court to order United to produce the requested documents by September 11 – a mere 9 days from the date of this response. Delta's document requests involve four broad categories of documents generally described as all documents and communications related to:

1. Delta's Request for Accommodation at Love Field;
2. United's sublease with Southwest;
3. United's evaluation of turn times in 2014; and
4. United's 2014 schedule at Love Field.

Delta not only asks for the production of these documents by the end of next week, it seeks a United corporate representative to testify on the same subjects by September 18—little more than two weeks from the date of this response.[1] As shown below, these categories are either irrelevant to the issues before the court at the upcoming injunction hearing, involve material that is obtainable from another party that, unlike United, is covered under the Court's Scheduling Order, or impose an unnecessary and undue burden on United.

---

[1] Delta's notice of deposition attached as Exhibit B to its Motion sets United's corporate representative deposition on September 14. Counsel for United is unavailable for deposition on that date.

II.     ARGUMENT

    A.     Applicable Law

Federal Rule of Civil Procedure 26(d)(1) provides that a party may not seek discovery before a Rule 26(f) conference, except when ordered by the Court. If the requesting party shows "good cause," a court can exercise its authority and order expedited discovery. *See St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 239 (S.D. Tex. 2011) ("Several district courts within the Fifth Circuit have expressly utilized the 'good cause' standard when addressing [expedited discovery]."). "[E]xpedited discovery is not the norm." *Id*. at 240 (quoting *Merrill Lynch, Pierce, Fenner, & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000)).

In a "good cause" analysis, a court must examine the discovery request "on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." *Id*. As the party seeking the expedited discovery, the burden of showing good cause is on Delta. *Id*. Moreover, the subject matter related to requests for expedited discovery should be narrowly tailored in scope. *Id*.

    B.     Good Cause Does Not Exist to Expedite Discovery

Delta failed to show that sufficient good cause warrants the expedited discovery it seeks from United. Delta provides no connection between the discovery's request and its relevance to the upcoming preliminary injunction hearing. In its Motion, Delta repeatedly concludes that the information it seeks from United is relevant to the applications for temporary injunctive relief, but it provides only scant details in support. Delta contends it needs the four requested discovery categories from United for evidence towards "proof of harm to consumers" and "a likelihood of success on the merits."

4

Harm to consumers, Delta argues, is shown by the value of the sublease transaction.[2] But Delta's request seeks not only the financial details behind the sublease transaction, it seeks *all* of United's documents and communications related to the sublease. The remaining three categories of documents purportedly relate to Delta's likelihood of success on the merits.[3] However, Delta fails to explain how *all* of United's documents and communications related to Delta's accommodation request relate to the likelihood of Delta's success on the merits. Likewise, there is no relation between all of United's documents and communications related to its 2014 Love Field flight and ground time schedule and Delta's likelihood of success on the merits. Moreover, Delta fails to explain why it needs a United representative to testify on the broad range of topics. Delta's request is far from narrowly tailored and largely irrelevant to the issues before this Court's September 28-29 hearing. The "good cause" standard is not met simply because a preliminary injunction hearing is upcoming. *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009) ("[E]xpedited discovery is not automatically granted merely because a party seeks a preliminary injunction."). Delta must show that good cause exists to subject United to the burden of expedited discovery, and it has not done so. *See Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003) (denying expedited discovery where plaintiff's requested discovery was not narrowly tailored and the defendant had yet to be served with the complaint).

---

[2] *See* Mot. at 8 ("Proof of the value of the gates to Southwest due to the near monopoly it would hold is likewise proof of the harm to consumers and to competition of Southwest's unlawful sublease.").

[3] *See id.* ("Attempts by United and/or Southwest to interfere with Delta's right of accommodation pertain to the likelihood of success on the merits. Those attempts reflect the gamesmanship that led the DOT to reject any construction of the Lease Agreements and federal law under which a carrier's subsequently announced plans can limit a new entrant's rights to be accommodated.").

Importantly, Delta can obtain the documents it seeks through Southwest, a party already deeply involved in discovery. In one short blurb, Delta argues the relevance of United's sublease documents:

> Moreover, the requested documents will likely confirm that United was aware of the high value that Southwest would place on the gates it subleased as a direct result of the increased market power those gates would give it. Proof of the value of the gates to Southwest due to the near monopoly it would hold is likewise proof of the harm to consumers and to competition of Southwest's unlawful sublease.

Mot. at 7-8. Delta already requested the sublease documents from Southwest, and it did so on July 22, 2015. Grantham Decl, Ex. A at 6 ( "All Documents and Communications related to or concerning the Love Field sublease agreement between Southwest and Defendant United Airlines, Inc. . . ."). Under the Scheduling Order, Southwest was required to produce documents in response to Delta's request by August 19, 2015. Delta and Southwest have agreed to the Scheduling Order. The alleged value of the sublease can easily be shown from documents in Southwest's possession. United should not be forced to gather all its documents and communications related to the sublease in less than two weeks and prepare a corporate witness shortly thereafter when Delta already has an agreed method to obtain—and indeed, has already asked for and likely obtained—the same information from Southwest. Delta has failed to explain why Southwest's production is deficient in providing the information Delta seeks.

Further, it would be unduly burdensome for United, a party who has not answered the complaint, to collect and produce all the requested documents in less than 14 days and prepare a corporate witness for deposition, when Delta could have requested this information well over a month ago. Delta submitted its response and reply to the applications for preliminary injunction on July 17 and July 31, respectively. Dkt. Nos. 63,

73. If expedited discovery from United was necessary for its preliminary injunction, Delta could have sought permission from the Court before its response. *See United HealthCare Ins. Co. v. AdvancePCS*, 2002 U.S. Dist. LEXIS 28262, *15, 2002 WL 34376796 (D. Minn. Mar. 1, 2002) (denying a motion for expedited discovery where the motion for discovery was made after the party had already served its complete response to the motion for a preliminary injunction). Instead, Delta waited over a month to request permission for discovery and seeks to place an undue burden on United by requiring expedited production of documents that are not relevant to the preliminary injunction hearing. Based on the reasons above, good cause does not exist for expedited discovery from United.

    **C.    Alternatively, Should Good Cause Be Found, United Requests the Discovery Production Be Limited to the Materials Gathered by United for the DOJ's Second Request**

Alternatively, should the Court feel Delta met its burden to show good cause, United respectfully requests that the Court limit the expedited discovery materials to a selection of documents more easily produced. In order to examine whether the sublease transaction would impede competition, the Department of Justice issued a Request for Additional Information and Documentary Materials, commonly referred to as a "Second Request." The Second Request contained a number of specifications, but they can be categorized generally as documents related to: 1) United's plans and pricing strategies for Dallas; 2) competition at Love Field; 3) the possible transfer of United's gates at Dallas Love; and 4) the proposed transaction and any alternatives. United produced over 5,000 documents as part of this Second Request. Because those relevant documents are already

7

compiled, the burden on United to produce documents on an accelerated time schedule would be greatly reduced.

Accordingly, should the Court find Delta has shown good cause to seek expedited discovery from United, United requests that it be ordered to produce only the documents it produced to the Department of Justice as part of DOJ's Second Request related to the sublease transaction.

## III.   CONCLUSION

Delta has not shown good cause exists to subject United to expedited discovery. Respectfully, United requests that the Court deny Delta's Motion for Expedited Discovery from United. Alternatively, United requests that the Court order United to produce only the documents made available to the Department of Justice in its Second Request. United asks that it be allowed until September 14, 2015 to produce these documents. United asks the Court to deny Delta's request for a Rule 30(b)(6) deposition from United. Should United be ordered to produce a corporate representative on the topics requested by Delta, United respectfully asks that it be allowed to do so by September 25, 2015 and that the examination be limited to one hour.

Dated: September 2, 2015

Respectfully submitted,

*/s/ John K. Grantham*
Eric Gambrell
State Bar No. 00790735
egambrell@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
1700 Pacific Avenue, Suite 1400
Dallas, TX  75201-4624
Telephone:  214-969-2800
Fax:  214-969-4343

John K. Grantham
jgrantham@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
1111 Louisiana, 44th Floor
Houston, TX  77002
Telephone:  713-220-5800
Fax:  713-236-0822

**ATTORNEYS FOR DEFENDANT
UNITED AIRLINES, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this 2nd day of September 2015, a true and correct copy of the foregoing document was served upon all counsel of record via the Court's CM/ECF system.

*/s/ John K. Grantham*
John K. Grantham