IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CITY OF DALLAS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:15-cv-02069-K |
| | § | |
| DELTA AIR LINES, INC., *et al.*, | § | |
| Defendants. | § | |

**PLAINTIFF CITY OF DALLAS' MOTION TO DISMISS DELTA AIR LINES, INC.'S AMENDED COUNTERCLAIMS FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM, AND ALTERNATIVE MOTIONS TO COMPEL ADEQUATE NOTICES TO CO-DEFENDANTS**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, the City of Dallas (the "City"), files this motion pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss each of Delta Air Lines, Inc.'s ("Delta") three amended counterclaims against the City for lack of jurisdiction and failing to state a claim, and shows the Court the following:

### I. Delta's Amended Counterclaims Against the City Should be Dismissed

The City brought this action against Delta, other airlines, the United States Department of Transportation ("DOT") and the Federal Aviation Administration ("FAA") seeking declaratory relief to resolve competing demands for gate space at Love Field. (*See* ECF No. 1). Delta filed counterclaims against the City (the "original counterclaims"). (ECF No. 66 at 59-63). The City moved to dismiss. (ECF Nos. 78, 79). Delta did not respond to the motion but instead filed amended counterclaims (sometimes, the "counterclaims") (ECF 133), which are simply an elongated re-packaging of the original counterclaims. (ECF No. 66 at 59-63)

The first two counterclaims seek declaratory relief against the City. (*Id*. at 28-30). The City moves to dismiss these counterclaims for failing to state a claim because each is redundant

and duplicative of the relief sought by the City. To the extent not redundant, Delta lacks standing.

The third counterclaim is a claim for a breach of contract. The City also moves to dismiss this counterclaim for failing to state a claim because it is redundant and duplicative of the relief sought by the City. It also fails to state a breach of contract claim. In addition, the City moves to dismiss this counterclaim because there has been no waiver of the City's governmental immunity and because Delta lacks standing to bring the counterclaim.

Buried in its prayer for relief, Delta also requests preliminary and permanent injunctive relief. (ECF No. 133 at 35 [¶¶ c, g]). The request is redundant of the other motions, responses, and replies filed by the various parties seeking injunctive relief. (See ECF Nos. 10, 11, 22, 23, 61, 62, 63, 70, 71).

The City requests all of the amended counterclaims be dismissed with prejudice.

## II. In the Alternative, Delta Should Be Ordered To Name the Other Co-Defendants as Cross-Defendants

In the alternative, the City moves that Delta be compelled to rename its counterclaims to identify them also as cross-claims against defendants Southwest Airlines Co., United Airlines, Inc., DOT and FAA on the ground that much of the relief that the purported counterclaims seek include claims impacting lease and sublease rights claimed by the two co-defendant airlines, and would involve the invalidation or judicial amendment of a federal statute, the Wright Amendment Reform Act of 2006, Pub. L. 109-352, 120 Stat. 2011 (2006) ("WARA"), that governs the two co-defendant agencies. In the further alternative, the Court should direct Delta to notify the United States Attorney General that it seeks relief that would invalidate portions of that federal law, WARA. Delta's attempt to invalidate the five-party agreement which WARA

adopts must be implicitly on constitutional grounds because there could be no other.  *See* Fed. R. Civ. P. 5.1(a)(2).

The City has separately filed a brief in support of the motion to dismiss.

## II.   CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, the City requests that Delta Air Line Inc.'s amended counterclaims against the City be dismissed with prejudice for the failure to state a claim and lack of jurisdiction and grant the City such other relief as the Court finds just or in the alternative, the City requests that Delta be ordered to name United, Southwest, DOT, and FAA as cross-defendants, and serve petition on the Attorney General in accordance with Rule 5.1(a)(2).

               Respectfully submitted,

               OFFICE OF THE CITY ATTORNEY
               CITY OF DALLAS, TEXAS

               WARREN M.S. ERNST
               CITY ATTORNEY

               By       s/ Peter B. Haskel
                 CHARLES ESTEE
                 Senior Assistant City Attorney
                 State Bar of Texas No. 06673600
                 charles.estee@dallascityhall.com
                 PETER B. HASKEL
                 Executive Assistant City Attorney
                 peter.haskel@dallascityhall.com
                 State Bar of Texas No. 09198900
                 7BN Dallas City Hall
                 1500 Marilla Street
                 Dallas, Texas 75201
                 Telephone – 214/670-3519
                 Telecopier – 214/670-0622

                 ATTORNEYS FOR PLAINTIFF, CITY OF DALLAS

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2015, I electronically filed the foregoing document with the Clerk of Court for the United States District Court for the Northern District of Texas using the electronic case filing system of the Court. Service on all attorneys of record who are Filing Users will be automatically accomplished through Notice of Electronic Filing.

s/ Peter B. Haskel
PETER B. HASKEL