UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CITY OF DALLAS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| DELTA AIR LINES, INC., SOUTHWEST | § | Civil Action No. 3:15-cv-02069-K |
| AIRLINES CO., VIRGIN AMERICA INC., | § | |
| AMERICAN AIRLINES, INC., UNITED | § | |
| AIRLINES, INC., SEAPORT AIRLINES, | § | |
| INC., UNITED STATES DEPARTMENT | § | |
| OF TRANSPORTATION, AND THE | § | |
| FEDERAL AVIATION | § | |
| ADMINISTRATION, | § | |
| | § | |
| Defendants. | § | |

**SOUTHWEST'S MOTION TO CLOSE THE COURTROOM AND SEAL EVIDENCE DURING PRESENTATION OF TWO HIGHLY CONFIDENTIAL EXHIBITS**

Pursuant to paragraph 7(g) and paragraph 9 of the Confidentiality Agreement and Stipulated Protective Order, Defendant And Cross-Plaintiff Southwest Airlines Co. ("Southwest") respectfully submits this Motion to Close the Courtroom and Seal Evidence during Presentation of Two Highly Confidential Exhibits.[1]

The exhibits sought to be sealed if admitted at the hearing, and the courtroom closed during any discussion of them, are:

- Exhibit 35
- Exhibit 711

---

[1] Delta and Southwest agreed that other highly confidential exhibits could come into evidence in redacted form. Those exhibits are Exhibit 30, Exhibit 36, Exhibit 64, and Exhibit 433.

As part of expedited discovery in this case, Southwest produced a large number of highly confidential documents containing sensitive and proprietary business information. This information was subject to an agreed protective order that protected it as highly confidential. (ECF No. 148.) Delta now seeks to use that highly confidential information in two exhibits at the preliminary injunction hearing. Southwest is not protected from this use by the agreed protective order. (*See id.* at ¶7(g).)

Southwest diligently reviewed the highly confidential exhibit designations to see if the information was truly so sensitive that it required redacting or sealing. The exhibits remaining after this review was short, and most of them were resolved with redactions. However, the two documents listed above, Exhibits 35 and 711, contain so much truly sensitive and proprietary business information that tailored redactions are impossible. Southwest and Delta reached an agreement on redactions (and the withdrawal of two other highly confidential exhibits that had been designated), but could not reach an agreement on Exhibits 35 and 711.

Because of the impending start of the hearing, Southwest now moves to seal or redact the exhibits listed above and close the courtroom, to both the public and any party's corporate representative, if the unredacted documents are entered into evidence and discussed with witness.

This Court has the sole discretion in determining whether judicial records are sealed and portions of the proceedings closed. *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). While Southwest acknowledges the common law right of public access to judicial proceedings, that right is not absolute. *Id.* "The common law right of access certainly antedates the Constitution's free press guarantee, but it does not rise to that level of importance or merit the same degree of protection." *Belo Broadcasting Corp. v. Clark* 654 F.2d 423, 432 (5th Cir. 1981).

Courts must balance the public access right against the many proprietary interests favoring nondisclosure. *See Van Waeyenberghe*, 990 F.2d at 848.

The Fifth Circuit, in particular, shuns any stark requirement that only the most compelling circumstances should prevent public access. *Clark*, 654 F.2d at 433. Instead, the Fifth Circuit has refused to assign any particular weight the right of public access, acknowledging that the "common law merely establishes a presumption of public access to judicial records," which, in essence, means it is not conclusive, but merely one of the interest to be weighed. *See Van Waeyenberghe*, 990 F.2d at 848 n4 (5th Cir. 1993); *see also Clark*, 654 F.2d at 434. Furthermore, when private commercial interests are at stake and questions of public policy are not affected by the nondisclosure of certain proprietary materials, interest in public access is diminished and nondisclosure is justified. *See, e.g,. In re Iowa Freedom of Information Council*, 724 F.2d 658, 664 (8th Cir. 1984). Accordingly, courts may deny access *in part* to judicial proceedings and records when disclosure of certain proprietary information can "harm the litigants competitive standing." *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 529 F. Supp. 866, 901 (E.D. Pa. 1981).

Here, Southwest would be placed at a competitive disadvantage if made to disclose the commercially sensitive information listed above. These documents contain proprietary financial and operational information, including future routes and detailed profitability information that is not public and would allow competitors deep insight into Southwest's operations.

Accordingly, Southwest respectfully requests the Court grant this motion to close the courtroom and seal the evidence if and when these two highly confidential exhibits are discussed with witnesses.

DATED:  September 28, 2015 Respectfully submitted

 */s/ Kent Krabill*
John T. Cox, III (tcox@lynnllp.com)
Texas Bar No. 24003722
Kent D. Krabill (kkrabill@lynnllp.com)
Texas Bar No. 24060115
Britta Erin Stanton (bstanton@lynnllp.com)
Texas Bar No. 24036976
Stephen M. Cole (scole@lynnllp.com)
Texas Bar No. 24078358
Christopher Patton (cpatton@lynnllp.com)
Texas Bar No. 24083634
Russell Herman (rherman@lynnllp.com)
Texas Bar No. 24083169
**LYNN TILLOTSON PINKER & COX, LLP**
2100 Ross Avenue, Suite 2700
Dallas, TX 75201
Telephone:  214.981.3830
Facsimile:  214.981.3839

**ATTORNEYS FOR DEFENDANT SOUTHWEST AIRLINES CO.**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that on September 27, 2015, he conferred with counsel from Delta and Delta opposes the motion. Counsel attempted to confer with the City was unable to do so.

>  */s/ Kent D. Krabill*
> Kent D. Krabill

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 27, 2015, the foregoing document was served on all counsel of record through the Court's ECF system.

>  */s/ Kent D. Krabill*
> Kent D. Krabill

4852-3019-1657, v. 1