UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CITY OF DALLAS,** § | | |
| § | | |
| Plaintiff, § | | |
| v. § | | |
| § | | |
| **DELTA AIR LINES, INC., SOUTHWEST** § | Civil Action No. 3:15-cv-02069-K | |
| **AIRLINES CO., VIRGIN AMERICA INC.,** § | | |
| **AMERICAN AIRLINES, INC., UNITED** § | | |
| **AIRLINES, INC., SEAPORT AIRLINES,** § | | |
| **INC., UNITED STATES DEPARTMENT** § | | |
| **OF TRANSPORTATION, AND THE** § | | |
| **FEDERAL AVIATION** § | | |
| **ADMINISTRATION,** § | | |
| § | | |
| Defendants. § | | |

**DEFENDANT SOUTHWEST AIRLINES CO.'S RULE 26(a)(1) DISCLOSURES**

TO:   Plaintiff City of Dallas, by and through its counsel of record, Peter B. Haskel, Office of the City Attorney, 7BN Dallas City Hall, 1500 Marilla Street, Dallas, Texas 75201.

As required by Rule 26(a)(1) of the Federal Rules of Civil Procedure and by the Court's Status Report Order, Defendant Southwest Airlines Co. ("Southwest") hereby makes the following disclosures, based on the information currently and reasonably available. By making these disclosures, Southwest does not represent that it is identifying every document, tangible thing, or witness possibly relevant to this lawsuit. Rather, Southwest's disclosures represent a good faith effort to identify information Southwest, at this time, reasonably believes it may use to support its claims or defenses, as required by Rule 26(a)(1). Accordingly, these disclosures are made without prejudice to Southwest's right to change or supplement these disclosures in the future and to introduce at trial additional evidence, documents, and witnesses as warranted by the development of facts underlying this lawsuit.

1

In addition, Southwest makes these disclosures subject to and without waiving their right to withhold documents based on claims of privilege, including the attorney-client and work product privileges, the party communication privilege, the consulting expert privilege, or any other privilege and immunity existing under law. Southwest intends to assert all applicable privileges and immunities to discovery and is not waiving and does not intend to waive any such privileges or immunities.

**Fed. R. Civ. P. 26(a)(1)(A)(i)**

The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

**RESPONSE:**

| | **Individual** | **General Subject Matter Area of Knowledge** |
|---|---|---|
| 1. | Bob Montgomery<br>Vice President of Airport Affairs<br>Southwest Airlines<br>c/o Eric Pinker<br>Lynn Pinker Cox & Hurst, LLP<br>2100 Ross Avenue, Ste. 2700<br>Dallas, Texas 75201<br>(214) 981-3800 | Mr. Montgomery has knowledge of facts related to Southwest's claims, defenses, and affirmative defenses. He also has knowledge of facts related to Southwest's business operations at Dallas Love Field. |
| 2. | Andrew Watterson<br>Executive Vice President & Chief Revenue Officer<br>Southwest Airlines<br>c/o Eric Pinker<br>Lynn Pinker Cox & Hurst, LLP<br>2100 Ross Avenue, Ste. 2700<br>Dallas, Texas 75201<br>(214) 981-3800 | Mr. Watterson has knowledge of facts related to Southwest's claims, defenses, and affirmative defenses. He also has knowledge of Southwest's network planning, including flight scheduling, and Southwest's relationship with United Airlines at Dallas Love Field, including sublease negotiations. |

| | | |
|---|---|---|
| 3. | Adam Decaire<br>Managing Director<br>Network Planning & Performance<br>Southwest Airlines<br>c/o Eric Pinker<br>Lynn Pinker Cox & Hurst, LLP<br>2100 Ross Avenue, Ste. 2700<br>Dallas, Texas 75201<br>(214) 981-3800 | Mr. Decaire has knowledge of facts related to Southwest's claims, defenses, and affirmative defenses. He also has knowledge of Southwest's network planning, including Southwest's flight scheduling. |
| 4. | Ron Ricks<br>Vice Chairman of the Board of Directors<br>Southwest Airlines<br>c/o Eric Pinker<br>Lynn Pinker Cox & Hurst, LLP<br>2100 Ross Avenue, Ste. 2700<br>Dallas, Texas 75201<br>(214) 981-3800 | Mr. Ricks has knowledge of facts related to Southwest's claims, defenses, and affirmative defenses. He also has knowledge of Southwest's discussions with governmental entities regarding Dallas Love Field. |
| 5. | Carter Ganss<br>Senior Director of Business Development (formerly Director, Network Planning and Performance)<br>Southwest Airlines<br>c/o Eric Pinker<br>Lynn Pinker Cox & Hurst, LLP<br>2100 Ross Avenue, Ste. 2700<br>Dallas, Texas 75201<br>(214) 981-3800 | Mr. Ganss has knowledge of facts related to Southwest's claims, defenses, and affirmative defenses. He also has knowledge of Southwest's network planning, including Southwest's flight scheduling. |
| 6. | Dave Harvey<br>Managing Director<br>Business Development (formerly, Senior Director, Network Planning and Performance)<br>Southwest Airlines<br>c/o Eric Pinker<br>Lynn Pinker Cox & Hurst, LLP<br>2100 Ross Avenue, Ste. 2700<br>Dallas, Texas 75201<br>(214) 981-3800 | Mr. Harvey has knowledge of facts related to Southwest's claims, defenses, and affirmative defenses. He also has knowledge of Southwest's network planning, including Southwest's flight scheduling. |
| 7. | Jeff Cox<br>Station Director<br>Southwest Airlines<br>c/o Eric Pinker<br>Lynn Pinker Cox & Hurst, LLP<br>2100 Ross Avenue, Ste. 2700<br>Dallas, Texas 75201<br>(214) 981-3800 | Mr. Cox has knowledge of facts related to Southwest's claims, defenses, and affirmative defenses. He also has knowledge of Southwest's business operations at Dallas Love Field. |

| | | |
|---|---|---|
| 8. | Mark Desimone<br>Station Mgr. IV<br>Southwest Airlines<br>c/o Eric Pinker<br>Lynn Pinker Cox & Hurst, LLP<br>2100 Ross Avenue, Ste. 2700<br>Dallas, Texas 75201<br>(214) 981-3800 | Mr. Desimone has knowledge of facts related to Southwest's claims, defenses, and affirmative defenses. He also has knowledge of Southwest's and Delta's operations at Dallas Love Field. |
| 9. | Monica Del Rio<br>Manager<br>Airport Affairs<br>Southwest Airlines<br>c/o Eric Pinker<br>Lynn Pinker Cox & Hurst, LLP<br>2100 Ross Avenue, Ste. 2700<br>Dallas, Texas 75201<br>(214) 981-3800 | Ms. Del Rio has knowledge of facts related to Southwest's claims, defenses, and affirmative defenses. She also has knowledge of Southwest's business and operations at Dallas Love Field. |
| 10. | Paul Wilson<br>Manager<br>Command Center<br>Southwest Airlines<br>c/o Eric Pinker<br>Lynn Pinker Cox & Hurst, LLP<br>2100 Ross Avenue, Ste. 2700<br>Dallas, Texas 75201<br>(214) 981-3800 | Mr. Wilson has knowledge of facts related to Southwest's claims, defenses, and affirmative defenses. He also has knowledge of Southwest's operations at Dallas Love Field. |
| 11. | Jeannine Foreman<br>Manager<br>Command Center<br>Southwest Airlines<br>c/o Eric Pinker<br>Lynn Pinker Cox & Hurst, LLP<br>2100 Ross Avenue, Ste. 2700<br>Dallas, Texas 75201<br>(214) 981-3800 | Ms. Foreman has knowledge of facts related to Southwest's claims, defenses, and affirmative defenses. She also has knowledge of Southwest's operations at Dallas Love Field. |
| 12. | Bill Wilderson<br>Manager<br>Command Center<br>Southwest Airlines<br>c/o Eric Pinker<br>Lynn Pinker Cox & Hurst, LLP<br>2100 Ross Avenue, Ste. 2700<br>Dallas, Texas 75201<br>(214) 981-3800 | Mr. Wilderson has knowledge of facts related to Southwest's claims, defenses, and affirmative defenses. He also has knowledge of Southwest's operations at Dallas Love Field. |

| | | |
|---|---|---|
| 13. | Kate Gebo<br>Vice President<br>Office of the CEO<br>United Airlines<br>c/o J. Eric Gambrell<br>Akin Gump Strauss Hauer & Feld, LLP<br>1700 Pacific Avenue, Suite 4100<br>Dallas, Texas 75201-4675<br>(214) 969-2800 | Ms. Gebo has discoverable information related to United's gate use and its relationship with Southwest at Dallas Love Field. |
| 14. | Brian Znotins<br>Former Vice President of Network Operations at United Airlines<br>United Airlines<br>c/o J. Eric Gambrell<br>Akin Gump Strauss Hauer & Feld, LLP<br>1700 Pacific Avenue, Suite 4100<br>Dallas, Texas 75201-4675<br>(214) 969-2800 | Mr. Znotins may have discoverable information related to United's gate use and its relationship with Southwest at Dallas Love Field. |
| 15. | Mark Duebner<br>Director of Aviation<br>City of Dallas<br>c/o Charles Estee<br>Assistant City Attorney<br>Office of the City Attorney<br>Larry E. Casto<br>7BN Dallas City Hall<br>1500 Marilla Street<br>Dallas, Texas 75201<br>(214) 670-3519 | Mr. Duebner has discoverable information related to the City of Dallas's business operations and management of Dallas Love Field, including the handling of Delta's accommodation request. |
| 16. | Holden Shannon<br>Senior Vice President<br>Corporate Real Estate<br>Delta Airlines<br>c/o William B. Dawson<br>Gibson, Dunn,& Crutcher, LLP<br>2100 McKinney Ave., Suite 1100<br>Dallas, Texas 75201-6911<br>(214) 698 3100 | Mr. Shannon has discoverable information related to Delta's accommodation request at Dallas Love Field, as well as Delta's business strategy and operations in the Dallas market. He also has discoverable information related to negotiations with United over gate space at Dallas Love Field. |

| | | |
|---|---|---|
| 17. | Shane Jones<br>Vice President<br>Corporate Real Estate<br>Delta Airlines<br>c/o William B. Dawson<br>Gibson, Dunn,& Crutcher, LLP<br>2100 McKinney Ave., Suite 1100<br>Dallas, Texas 75201-6911<br>(214) 698 3100 | Mr. Jones may have discoverable information related to Delta's accommodation request at Dallas Love Field. |
| 18. | Ed Bastian<br>Chief Executive Officer (formerly President)<br>Delta Airlines<br>c/o William B. Dawson<br>Gibson, Dunn,& Crutcher, LLP<br>2100 McKinney Ave., Suite 1100<br>Dallas, Texas 75201-6911<br>(214) 698 3100 | Mr. Bastian may have discoverable information related to Delta's accommodation request at Dallas Love Field, as well as Delta's business strategy and operations in the Dallas market. |
| 19. | Joe Esposito<br>Vice President<br>Network Planning-Americas<br>Delta Airlines<br>c/o William B. Dawson<br>Gibson, Dunn,& Crutcher, LLP<br>2100 McKinney Ave., Suite 1100<br>Dallas, Texas 75201-6911<br>(214) 698 3100 | Mr. Esposito has discoverable information related to Delta's accommodation request at Dallas Love Field, as well as Delta's scheduling and network operations in the Dallas market. |
| 20. | Robert Rivkin<br>Senior Vice President for Regulatory and International Affairs and Deputy General Counsel<br>Delta Airlines<br>c/o William B. Dawson<br>Gibson, Dunn,& Crutcher, LLP<br>2100 McKinney Ave., Suite 1100<br>Dallas, Texas 75201-6911<br>(214) 698 3100 | Mr. Rivkin has discoverable information related to Delta's lobbying of the Department of Transportation related to its accommodation request at Dallas Love Field. |
| 21. | Glen Hauenstein<br>President (formerly Executive Vice Present and Chief Revenue Officer)<br>Delta Airlines<br>c/o William B. Dawson<br>Gibson, Dunn,& Crutcher, LLP<br>2100 McKinney Ave., Suite 1100<br>Dallas, Texas 75201-6911<br>(214) 698 3100 | Mr. Hauenstein may have discoverable information related to Delta's accommodation request at Dallas Love Field, as well as Delta's strategy and operations in the Dallas market. |

| | | |
|---|---|---|
| 22. | Michael Anastas<br>General Manager<br>Delta Airlines<br>c/o William B. Dawson<br>Gibson, Dunn,& Crutcher, LLP<br>2100 McKinney Ave., Suite 1100<br>Dallas, Texas 75201-6911<br>(214) 698 3100 | Mr. Anastas may have discoverable information related to Delta's accommodation request at Dallas Love Field. |
| 23. | David Hamm<br>Managing Director<br>Corporate Real Estate<br>Delta Airlines<br>c/o William B. Dawson<br>Gibson, Dunn,& Crutcher, LLP<br>2100 McKinney Ave., Suite 1100<br>Dallas, Texas 75201-6911<br>(214) 698 3100 | Mr. Hamm may have discoverable information related to Delta's accommodation request at Dallas Love Field. |
| 24. | David Cush<br>President & CEO<br>Virgin America<br>c/o John R. Robertson<br>Hogan Lovells, LLP<br>555 13th St. NW<br>Washington, D.C. 20004<br>(202) 637-5774<br><br>c/o Barry Barnett<br>Susman Godfrey, LLP<br>8115 Preston Road, Suite 575<br>Dallas, Texas 75225<br>(866) 754-1900 | Mr. Cush may have discoverable information related to Delta's accommodation request and gate usage at Dallas Love Field. |
| 25. | Corporate Representative<br>Federal Aviation Administration<br>c/o James R. Powers<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>20 Massachusetts Avenue N.W.<br>Washington, D.C.  20530<br>(202) 353-0543 | The Federal Aviation Administration may have discoverable information related to Delta's accommodation request at Dallas Love Field. |

| 26. | Corporate Representative<br>Department of Transportation<br>c/o James R. Powers<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>20 Massachusetts Avenue N.W.<br>Washington, D.C.  20530<br>(202) 353-0543 | The Department of Transportation may have discoverable information related to Delta's accommodation request at Dallas Love Field. |
| 27. | Kathryn B. Thomson<br>Department of Transportation<br>c/o James R. Powers<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>20 Massachusetts Avenue N.W.<br>Washington, D.C.  20530<br>(202) 353-0543 | Ms. Thomson may have discoverable information related to Delta's accommodation request and the City's attempt to clarify its federal grant assurance obligations with respect to Dallas Love Field. |

**Fed. R. Civ. P. 26(a)(1) (A)(ii)**

A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

**RESPONSE:**

Southwest identifies the following categories of documents and things that are currently in the possession of Southwest or its retained counsel and that may be used to support Southwest's claims or defenses.  In making these disclosures, Southwest does not waive any applicable privileges, including the attorney-client and work product privileges, the party communication privilege, the consulting expert privilege, or any other privilege and immunity existing under law, or any other protections from disclosure.  Furthermore, in making these disclosures, Southwest does not waive the right to designate confidential materials for appropriate protection under the local rules and any protective order entered in this action.

Importantly, many of the documents within Southwest's possession and listed below are a result of the parties having already engaged in extensive discovery in this proceeding.

1. Documents related to Delta's request for accommodation at the Dallas Love Field Airport.

2. Documents related to United Airlines' sublease with Southwest, including but not limited to related use agreements, license agreements, assignment agreements, gate use license agreements, or other related agreements

3. Documents related to Southwest's operational information, including but not

limited to flight schedules and gate usage

4. Documents and communications with the City of Dallas, United Airlines, Delta Airlines, Department of Transportation, and FAA regarding gate usage, request for accommodations, the Wright Amendment, the Five-Party Agreement, and the Wright Amendment Reform Act.

5. Documents related the FAA Competition Plan.

6. Documents related to Congressional testimony regarding the Wright Amendment and the Wright Amendment Reform Act.

These documents are located at the offices of Southwest, 2702 Love Field Drive, Dallas, Texas 75235, or at the offices of Southwest's counsel, Lynn Pinker Cox & Hurst, LLP, 2100 Ross Avenue, Suite 2700, Dallas, Texas 75201.

Through the remaining discovery period, Southwest may identify additional documents of its own that may be relevant to Southwest's claims or defenses. Accordingly, Southwest expressly reserves the right to supplement its disclosures with the identification of additional descriptions by category of documents that are within the possession, custody, or control of Southwest, and that Southwest may use to support its claims or defenses at such time as additional descriptions by categories of documents comes to its attention through further investigation, document requests to or from Southwest, or otherwise.

Furthermore, Southwest expects to discover documents and things in the possession, custody, or control of Plaintiff, Co-Defendants, and third parties, the specific identities of which are not yet known to Southwest, that may be relevant to Southwest's claims or defenses. Accordingly, Southwest expressly reserves the right to supplement its disclosures with the identification of additional descriptions by category of documents that are within the possession, custody, or control of Plaintiff or third parties, the specific identities of which are not yet known, that may be used to support Southwest's claims or defenses at such time as additional descriptions by categories of documents comes to its attention through further investigation, document requests to or from Southwest, or otherwise.

**Fed. R. Civ. P. 26(a)(1) (A)(iii)**

A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

**RESPONSE:**

Southwest refers to its Third Amended Answer and Crossclaim against Delta, which is incorporated herein. Southwest seeks approximately $30 million in damages. This damage amount approximates the value of the gate space and will be further articulated once Southwest

produces expert designations and reports. This response is made without waiver of Southwest's right to amend this disclosure upon receipt of any future discovery and expert analysis.

**Fed. R. Civ. P. 26(a)(1) (A)(iv)**

For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**RESPONSE:**

Southwest has not identified an insurance agreement under which an insurance business may be liable to satisfy all or part of any judgment in this action or to indemnify or reimburse for payments made to satisfy the judgment.

DATE:  September 1, 2017	Respectfully submitted,

    */s/ Kent D. Krabill*
Eric W. Pinker (epinker@lynnllp.com)
Texas Bar No. 16016550
Kent D. Krabill (kkrabill@lynnllp.com)
Texas Bar No. 24060115
Britta Erin Stanton (bstanton@lynnllp.com)
Texas Bar No. 24036976
Russell Herman (rherman@lynnllp.com)
Texas Bar No. 24083169
Jervonne D. Newsome (jnewsome@lynnllp.com)
Texas Bar No. 24094869
**LYNN PINKER COX & HURST, LLP**
2100 Ross Avenue, Suite 2700
Dallas, TX 75201
Telephone:  214.981.3800
Facsimile:  214.981.3839

**COUNSEL FOR DEFENDANT/CROSS-PLAINTIFF SOUTHWEST AIRLINES CO.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 1, 2017, the foregoing document was served on all counsel of record through the Court's ECF system.

/s/ *Kent D. Krabill*
Kent D. Krabill

11