**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CITY OF DALLAS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:15-CV-02069-K** |
| | § | |
| **DELTA AIRLINES, INC.,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

**AMERICAN AIRLINES, INC.'S RESPONSE TO**
**THE CITY OF DALLAS'S MOTION FOR SUMMARY JUDGMENT OR PARTIAL**
**SUMMARY JUDGMENT, AND, IN ADDITION TO OR IN THE ALTERNATIVE,**
**MOTION FOR ENTRY OF PERMANENT INJUNCTION**

American Airlines, Inc. ("American") files this response to the City of Dallas's Motion for Summary Judgment or Partial Summary Judgment, and, In Addition or In the Alternative, Motion for Entry of Permanent Injunction (together, the "City's Motion") (Doc. No. 436).

American's specific legal bases and authorities for its opposition to the City's motion is set forth in its contemporaneously filed brief. American's arguments principally consist of the following:

(1)  The City's proposed "Accommodation Policies and Procedures" (hereinafter, the "Accommodation Policy" or "Policy") is unlawful and should not be implemented or be allowed to serve as the basis of the City's Motion because it violates 49 U.S.C. § 41713(b)(2), which expressly prohibits the City from implementing a policy, like the one at issue here, that interferes with an air carrier's (*i.e.*, American's) right and ability to provide future service at Love Field;

(2)  The City's proposed Policy's alteration of the definition of "signatory airlines" unlawfully discriminates against American and thus violates the federal grant assurances set forth at 49 U.S.C. §§ 47107(a)(1) and (a)(3); and

1

(3)     Even if it were not otherwise illegal for the City to define "signatory airlines" in such a way so as to unlawfully discriminate against an air carrier such as American, the City's proposed Policy sets forth no reason (legitimate or otherwise) for doing so.  Extending the definition of "signatory airline" to include American is both unnecessary to give the Policy its intended effect, and places unnecessary and inconsistent obligations on air carriers generally, and American specifically.

For any of these reasons and as set forth more fully in American's brief in support of this response, the City's Motion should be denied.

Respectfully submitted,

*/s/ C. Scott Jones*
Michael V. Powell
  Texas Bar No. 16204400
  mpowell@lockelord.com
C. Scott Jones
  Texas Bar No. 24012922
  sjones@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
T: (214) 740-8000
F: (214) 740-8800

**ATTORNEYS FOR DEFENDANT
AMERICAN AIRLINES, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record via the Court's electronic filing system on June 13, 2018, or by electronic mail.

*/s/ C. Scott Jones*
C. Scott Jones